IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEE SUEING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-640-M |
| | ) |
| SHERIFF LEWIS HAWKINS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

The Plaintiff is a prisoner. On August 4, 2005, the Court authorized service, ordering the Plaintiff to file proof of service by December 2, 2005. He did not do so. Thus, on December 2, 2005, the Court reminded the Plaintiff of this obligation and gave him until December 20, 2005, to file proof of service or show cause for the failure to do so. The Plaintiff again failed to comply, and the extended deadline expired eight days ago. The action should be dismissed without prejudice.

I.   FAILURE TO EFFECT TIMELY SERVICE

The plaintiff must serve each defendant with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1).[1] Generally, service is required within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(m). Because of the need to screen the complaint, the

---

[1]   Although Mr. Sueing appears *pro se*, he must adhere to the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("Although we construe [the plaintiff's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants.").

Court waited until August 4, 2005, to start the 120-day period. *See* Fed. R. Civ. P. 4(m) - advisory committee notes: 1993 Amendments. With 120 days, the Plaintiff had until December 2, 2005, to file proof of service. The Court *sua sponte* extended the deadline to December 20, 2005. Even with the extension, the Plaintiff has apparently failed to serve either defendant.

Notwithstanding the Plaintiff's apparent failure to effect service, the Court must consider whether the record reflects "good cause" for an extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are pertinent: (1) the statute of limitations; (2) service on the United States; and (3) evasion of service. *See id.* at 842. None of the factors supports an extension of time for service.

First, the Court should consider whether the statute of limitations would bar a refiled action. *See id.* The Plaintiff does not say when the violations took place. Thus, the Court has no reason to believe that refiling would be untimely.[2]

Second, the Court should consider whether a plaintiff has unsuccessfully attempted to serve the United States. *See id.* Here, the lack of service does not involve the United States.

Third, courts may consider whether the defendant is avoiding service. *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to

---

[2] The period of limitations for a Section 1983 action is governed by the forum state's law for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Thus, in Oklahoma, the limitations period for Section 1983 actions is two years. *See* Okla Stat. tit. 12, § 95(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

constitute 'good cause.'").  This factor supports dismissal because no evidence exists regarding evasion of service by the named defendants.

The Plaintiff has not shown good cause for a further extension of time to effect service.  Indeed, the record suggests that the Plaintiff was aware of his obligation to serve both defendants in a timely manner.  On August 4, 2005, the Court reminded Mr. Sueing that he had 120 days for service and the filing of proof of service.  On August 4, 2005, and December 2, 2005, the Court also reminded the Plaintiff that the action could be dismissed if he failed to timely file proof of service.  The Plaintiff simply failed to heed the reminders.

II.     RECOMMENDATION AND RIGHT TO OBJECT

For the reasons discussed above, the Court should dismiss the action without prejudice to the filing of a new action.

The Plaintiff can object to this report and recommendation.  *See* 28 U.S.C. § 636(b)(1) (2000).  Any such objection must be filed with the Clerk of the United States District Court.  *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).  The deadline for objections is January 17, 2006.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object would waive the Plaintiff's right to appellate review of the recommended dismissal.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

III.    STATUS OF THE REFERRAL

The referral is terminated.

Entered this 28th day of December, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge